UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRIAN BROADFIELD** | : | **DOCKET NO. 2:21-CV-00103** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **JEFFERY ROSEN, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of mandamus filed by pro se petitioner Brian Broadfield on January 13, 2021. Doc. 1. At the time of filing, Broadfield was an inmate in the custody of the Bureau of Prisons ("BOP") and incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). He has since been transferred to the Federal Correctional Institute at Seageville, Texas. Doc. 12.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**.

**I.**
**BACKGROUND**

In the petition before this Court, Broadfield challenges a rule proposed by the Federal Bureau of Prisons which would codify the BOP procedures regarding time credits as authorized by the First Step Act of 2018 (FSA). Doc. 1, p. 2. He contends that he will be injured if the rule is codified, changing the definition of "one day" as a 24-hour period to an 8-hour period, as it will reduce the amount of earned time credits a prisoner is awarded for successful participation in

recidivism reduction programming or productive activities. *Id*. The proposition to codify the rule was published in the Federal Register, Volume 85, No. 288, on November 25, 2020. Doc. 2, p. 1.

## II.
### LAW & ANALYSIS

Under the dictates of Article III of the United States Constitution, federal courts are confined to adjudicating actual "cases" and "controversies." U.S. CONST. art. III, § 2, cl. 1. Of the doctrines that have evolved under Article III, including standing, mootness, ripeness, and political question, the requirement that the litigant have standing is perhaps the most important. *See Allen v. Wright*, 104 S. Ct. 3315, 3324 (1984). This doctrine:

> Embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests [**8] protected by the law invoked.

*Id*., 104 S. Ct. 3315 (*citing Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 102 S. Ct. 752, 760 (1982)).

Standing, at its "irreducible constitutional minimum," requires a plaintiff "to demonstrate: they have suffered an 'injury in fact'; the injury is 'fairly traceable' to the defendant's actions; and the injury will 'likely … be redressed by a favorable decision." *Public Citizen, Inc. v. Bomer*, 274 F.3d 212, 217 (5th Cir. 2001) (quoting *Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130, 2136 (1992)). "An injury in fact [is] an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 112 S. Ct. at 2136.

In the matter before this Court, the petitioner argues that he, and others similarly situated, will be injured *if* the proposed regulations change how they are able to earn time credits. His

arguments are purely conjectural at this time. Petitioner is unable to show that he has suffered an "injury in fact" due to "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.." Lujan, supra. This matter will not be ripe unless and until the proposed regulation change takes place and he has suffered a result thereof. Accordingly, we recommend that the matter be dismissed without prejudice to the right of petitioner to raise this issue again in the event the rule is modified, and he suffers injury as a result.

### III.
#### CONCLUSION

For the reasons stated above, Broadfield cannot obtain the relief he seeks in this case. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to the right of petitioner to raise this issue again in the event the rule is modified, and he suffers injury as a result.

**IT IS FURTHER RECOMMENDED** that the pending Motion for Preliminary Injunction (doc. 2), Motion to Appoint Counsel (doc. 3) and Motion to Certify Class (doc. 4) be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of June, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE